UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

DRAKE EDWARDS,

      Plaintiff,                              Case No. 3:16-cv-18

vs.

TOWNE PROPERTIES,                  District Judge Walter H. Rice
                                       Magistrate Judge Michael J. Newman

      Defendant.

---

**REPORT AND RECOMMENDATION[1] THAT *PRO SE* PLAINTIFF'S 42 U.S.C. § 1983 CLAIMS BE DISMISSED WITH PREJUDICE**

**\*\*\***

**ORDER THAT *PRO SE* PLAINTIFF'S COMPLAINT REMAIN PENDING WITH REGARD TO OTHER CLAIMS AND THAT SERVICE OF PROCESS ISSUE**

---

      This civil case is before the Court for a *sua sponte* review -- pursuant to 28 U.S.C. § 1915(e)(2) -- of the complaint filed by *pro se* Plaintiff Drake Edwards ("Edwards"). Edwards filed a motion for leave to proceed *in forma pauperis* ("IFP") on January 13, 2016 (doc. 1), which the Court granted. The Court, however, held service of the complaint pending a review under § 1915(e)(2). It is appropriate for the Court to conduct this review *sua sponte* prior to issuance of process "so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

**I.**

      In accordance with 28 U.S.C. §1915(e)(2), this Court must perform an initial review of the instant action. *McGore v. Wrigglesworth*, 114 F.3d 601, 604-05 (6th Cir. 1997). Upon

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

review, the Court must dismiss any case it determines is "frivolous or malicious," fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A complaint should be dismissed as frivolous if it lacks an arguable basis in law or fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke*, 490 U.S. at 325. A plaintiff sets forth no arguable factual basis where the allegations asserted are "fantastic or delusional"; and presents no arguable legal basis when advancing "indisputably meritless" legal theories, *i.e.*, when the defendant is immune from suit, or when the plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327-28; *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000). Courts may also dismiss a complaint *sua sponte* for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). While *pro se* pleadings are "to be liberally construed" and are "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*), *pro se* plaintiffs must still satisfy basic pleading requirements. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

## II.

The undersigned has carefully reviewed Edwards's *pro se* complaint and liberally construed the factual allegations contained therein. Edwards rents an apartment from Defendant Towne Properties, Inc., who is attempting to evict him from the premises. *See* doc. 1-1 at PageID 6. Edwards is disabled and an African American. *Id*. at PageID 5-7. The undersigned liberally construes Edwards's allegations to assert that Towne Properties seeks to evict him on account of his race and disability. *Id*. He seeks damages as well as injunctive relief against Towne Properties preventing his eviction. *Id*.

In addition to the foregoing, Edwards alleges a number of defects in his rented property and contends that Towne Properties has breached his lease, which the Court construes as a breach of contract claim.  *Id.*

### III.

In his complaint, Edwards purports to assert claims under 42 U.S.C. § 1983.  Doc. 1-1 at PageID 5.  However, "[t]o prevail on a § 1983 claim, a plaintiff must establish that a person acting under color of state law deprived the plaintiff of a right secured by the Constitution or laws of the United States."  *Green v. Throckmorton*, 681 F.3d 853, 859-60 (6th Cir. 2012) (citing *Waters v. City of Morristown, Tenn.*, 242 F.3d 353 (6th Cir. 2001)).  Here, Towne Properties is not a "state actor" and, therefore, no § 1983 claims exist against it.  *See Sayyah v. Herman,* No. 1:15-CV-326, 2015 WL 7829121, at *4 (S.D. Ohio Dec. 4, 2015).  Accordingly, Edwards's § 1983 claims should be dismissed.

In addition to his § 1983 claims -- and again, liberally construing the factual allegations in Edwards's favor -- he also alleges that he is being evicted from his apartment, and that Towne Properties has discriminated against him on the basis of race and disability.  *See* doc. 1-1 at PageID 6-7.  Allegations of discriminatory housing practices on the basis of race and/or disability are actionable under federal law, including under the Fair Housing Act.  *See Elliott v. Plaza Props, Inc.*, No. 2:08CV1037, 2010 WL 2541020, at *6 (S.D. Ohio June 18, 2010) (citing *Maki v. Laakko*, 88 F.3d 361 (6th Cir. 1996)); *see also Turner v. Am. Bldg. Condo. Corp.*, No. 1:12-CV-291, 2014 WL 4774003, at *5 (S.D. Ohio Sept. 24, 2014).  These claims are also actionable under Ohio law.  *See* Ohio Rev. Code § 4112.02(H).

Accordingly, the undersigned finds potential, non-frivolous federal and state causes of action asserted by Edwards in his complaint.

**IV.**

For the foregoing reasons, the Court **RECOMMENDS** that Edward's § 1983 claims be **DISMISSED**, but that his complaint remain pending -- and that this case proceed -- with regard to other federal and state claims asserted therein.

The United States Marshal is **ORDERED** to make service of process in this case under Fed. R. Civ. P. 4(c)(3).  All costs of service shall be advanced by the United States.

Date:  <u>February 17, 2016</u>              <u>    s/ Michael J. Newman          </u>
                                              Michael J. Newman
                                              United States Magistrate Judge

4

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report and Recommendation is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F), and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.  As is made clear above, this period is likewise extended to **SEVENTEEN** days if service of the objections is made pursuant to Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).