UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

DRAKE A. EDWARDS,

    Plaintiff,

vs.

TOWNE PROPERTIES,

    Defendant.

Case No. 3:16-cv-18

District Judge Walter H. Rice
Magistrate Judge Michael J. Newman

# REPORT AND RECOMMENDATION[1] THAT THIS CASE: (1) BE DISMISSED FOR PLAINTIFF'S FAILURE TO PROSECUTE; AND (2) TERMINATED ON THE COURT'S DOCKET

    This civil case is before the Court following an Order to Show Cause -- dated May 25, 2016 -- that directed *pro se* Plaintiff to show cause as to why this case should not be dismissed for failure to prosecute, *i.e.*, failing to update his contact information with the Court and opposing counsel so that he can be advised of filings in this proceeding.[2] Doc. 11. Plaintiff failed to respond to the Court's Show Cause Order, and the time for doing so has expired. Accordingly, this case is ripe for action on the Court's Order to Show Cause.

    Federal Rule 41(b) authorizes the Court to dismiss a case if plaintiff "fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b); *see Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 366 (6th Cir. 1997). Courts possess "substantial discretion" in determining whether dismissal is an appropriate sanction. *Vance v. Sec'y, U.S. Dep't of Veterans Affairs*, 289 F.R.D. 254, 256 (S.D. Ohio 2013). As previously noted, dismissal

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] It also appears that *pro se* Plaintiff failed to confer and participate in a Rule 26 conference with opposing counsel and assist in the preparation of a Rule 26(f) report as ordered by the undersigned.

for want of prosecution is appropriate where plaintiff fails to keep the Court apprised of his or her present address. *See* doc. 11 at PageID 48-49; *see also White v. City of Grand Rapids*, 34 F. App'x 210, 211 (6th Cir. 2002); *Mitchell v. City of Dayton*, No. 3:14-CV-198, 2015 WL 6859033, at *1 (S.D. Ohio Sept. 21, 2015), *report and recommendation adopted sub nom. Mitchell v. City of Dayton*, Ohio, No. 3:14-CV-198, 2015 WL 6884343 (S.D. Ohio Oct. 14, 2015).

Here, the record reveals that *pro se* Plaintiff has failed to update his address of record, and such failure has resulted in the return of mail as undeliverable. *See* docs. 9, 10, 12. The undersigned notified Plaintiff that his that failure to update his address could result in the dismissal of this case for failure to prosecute, and ordered Plaintiff to show cause in that regard. *See* doc. 11 at PageID 48-49. Despite such notice and Order, *pro se* Plaintiff has failed to update his address and failed to respond to the Show Cause Order. *See id*. While the Court recognizes that Plaintiff is proceeding *pro se*, courts have "never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993).

Accordingly, based on all of the foregoing, the undersigned **RECOMMENDS** that: (1) Plaintiff's complaint (doc. 2) be **DISMISSED**; and (2) this case be **TERMINATED** on the Court's docket. The Clerk of Court shall promptly serve this Report and Recommendation on Plaintiff at his address of record.

Date: June 23, 2016           *s/ Michael J. Newman*
                              Michael J. Newman
                              United States Magistrate Judge

## **NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report and Recommendation is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F), and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.  As is made clear above, this period is likewise extended to **SEVENTEEN** days if service of the objections is made pursuant to Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).